COMPAÑÍA FERROVIARIA DE CIRCUNVALACIÓN DE PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent. SOL L. DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 252. Argued November 6, 1951.—Decided November 27, 1951.

796

*James R. Beverley* and *Carmen B. Hernández* for petitioner. *Víctor Gutiérrez Franqui, Attorney General,* (*Federico Tilén, Acting Attorney General,* on the brief) and *J. B. Fernández Badillo, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

During the year 1948–49 three corporations were concerned with the affairs of the railroad in Puerto Rico. Compañía de los Ferrocarriles de Puerto Rico owned the tangible property; the American Railroad Company of Puerto Rico operated the properties under a contract; and Compañía Ferroviaria de Circunvalación de Puerto Rico, a domestic corporation, was a holding company which owned all the stock of the first two corporations but no other property. The three corporations had common directors and functioned as a unit. The latter corporation, the petitioner herein, established the policies for the entire enterprise.

The capital stock issued by the petitioner consisted of 47,559 shares with a par value of $100. From the date of its organization in 1920 until 1948–49, the petitioner paid every year without objection the property tax imposed by the Treasurer, based on the value of its shares of stock fixed by itself in the information returns it filed with the Treasurer. During all these years the petitioner fixed the value of its stock for tax purposes at $15 a share. This resulted in an assessment of $713,390, which was accepted by the Treasurer.

In its return for 1948–49 the petitioner valued its shares on January 15, 1948 at $5 a share, giving them a value of $237,795. The Treasurer reviewed the return and fixed the value at $713,390, the petitioner's own figure prior to 1948–49. On the basis of this valuation and by virtue of the 2.87% rate, the Treasurer imposed a tax for 1948–49 of $20,474.30.

On October 5, 1948 the petitioner paid $6,824.72 based on a valuation of $237,795. The next day it filed a suit in the Tax Court alleging (a) that "it is not in agreement with the valuation of $713,390 made by the Treasurer of Puerto Rico of the shares of stock issued by the plaintiff, since the real and effective value of the shares does not [sic] reach $237,795, as declared in the taxpayer's return", and (b) that "the tax in controversy in relation with the capital (stock) of the plaintiff reaches the sum of $13,649.58."

The complaint then attacks the imposition of the taxes in question by the Treasurer on the following grounds: (1) the stock of the petitioner is exempt from taxes as the properties of its subsidiary, Compañía de los Ferrocarriles de Puerto Rico, are exempt from the property tax; (2) the stock of the American Railroad Company, wholly owned by the petitioner, has no market value; (3) in the event it is held that the exemption of the Compañía de los Ferrocarriles de Puerto Rico does not extend to shares issued by the petitioner, the valuation by the Treasurer of the property of the plaintiff does not represent the real and effective value thereof, but is an erroneous, fictitious and illegal valuation.

The Treasurer filed an answer and a hearing on the merits was held. In its opinion the Tax Court expressed its doubts as to whether it had jurisdiction to consider the question of exemption, in view of the fact that the petitioner had paid part of the tax with which it was in agreement based on its own valuation of $237,795. Nevertheless, the Tax Court proceeded to examine the question of exemption and held that the petitioner had none. However, relying on

*Rossi* v. *Tax Court*, 66 P.R.R. 405, it agreed with the petitioner that the assessment was illegal insofar as it exceeded the value stated in the petitioner's return. The judgment of the Tax Court provided that the complaint was dismissed as to the question of exemption but sustained on the issue of the value of the property of the petitioner, fixing the latter at $237,795. The Treasurer did not seek review of the judgment by this Court. The corporation filed a petition for certiorari requesting us to review the judgment insofar as it purported to hold that the corporation was not exempt from taxation. We granted this petition and the case is now before us on the issue raised in the petition.

 Under § 309 of the Political Code as it read at the time, a taxpayer was required to pay that part of the property tax with which he was in agreement in order to litigate in the Tax Court as to the remaining portion of the tax.[1] Under that provision a taxpayer could pay nothing and assert its alleged exemption. *Cf. Compañía de Ferrocarriles* v. *Tax Court*, 65 P.R.R. 518. At the same time the taxpayer could make the alternative allegation in his complaint that if no exemption existed, the assessment was excessive. That would enable the Tax Court to pass on both issues in the same suit, if it found that the taxpayer had no exemption. The Treasurer in his brief concedes that the foregoing is a proper procedure.

 However, the petitioner did not take this course of action. Instead, it paid $6,824.72 based on its own valuation of $237,795, and affirmatively alleged that the amount in controversy herein was $13,649.58. That was the proper method to pursue under § 309 if the only question the petitioner wished to raise was whether it would be required to pay the additional $13,649.58. The Tax Court therefore lacked jurisdiction to pass on any other matter. And once the Tax Court held that the petitioner need not pay this

---

[1] To the same effect, for present purposes, § 2–A–3 (*a*) of Act No. 235, Laws of Puerto Rico, 1949.

additional amount and the Treasurer did not seek review of that decision, there was no relief this Court could give the petitioner in the case before us. This is demonstrated by the fact that the petitioner does not contend, and we could not hold, that we could in this proceeding at this stage of the case order refund of the $6,824.72 which the petitioner voluntarily paid. *Cf.* § 1 of Act No. 232, § 2–A–6 of Act No. 235 and § 2 of Act No. 328, Laws of Puerto Rico, 1949.

In view of the foregoing, the Tax Court had no jurisdiction to include in its opinion the *dictum* and in its judgment the pronouncement with reference to the issue of the alleged tax exemption of the petitioner. These were surplusage and are not binding on the petitioner. They do not affect its right, if it otherwise exists, to sue for refund of the $6,824.72 on the theory of exemption. *Cf. Buscaglia* v. *Tax Court, Del Toro et al., Interveners, ante,* p. 576.

The conclusion becomes obvious that the Tax Court decided this case wholly in favor of the petitioner and that there is nothing in its judgment which we can review in this proceeding at the behest of the petitioner.

The writ of certiorari will be discharged as improvidently granted.